1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| ALEXANNE MARIE DANIS,<br><br>        Plaintiff,<br><br>   v.<br><br>BERRY,<br><br>        Defendant. | No. 1:23-cv-00152 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER AND FOR FAILURE TO KEEP COURT APPRISED OF CURRENT ADDRESS<br><br>(ECF No. 10)<br><br>PLAINTIFF'S SHOWING OF CAUSE, OR IN THE ALTERNATIVE:<br><br>(1) HER FILING OF A NOTICE OF CURRENT ADDRESS WITH THE COURT, OR<br><br>(2) HER VOLUNTARY DISMISSAL OF THIS MATTER DUE IN FOURTEEN DAYS |

      Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey a court order. As an alternative to filing the showing of cause, Plaintiff may either: (1) file a notice of change of address with the Court, or (2)

1

voluntarily dismiss this matter. Plaintiff will be given fourteen days to take one of these three courses of action.

I. RELEVANT FACTS

On January 27, 2023, Plaintiff's complaint was docketed. See ECF No. 1 at 1. At that time, Plaintiff was incarcerated at the California Institution for Women. See id.

Plaintiff's last interaction with the Court was on March 10, 2023, when she filed her consent / decline form with the Court. See ECF No. 9. As a result, on March 12, 2025, given the amount of time that had passed, prior to screening the complaint, the Court ordered Plaintiff to file a notice of current address with it. See ECF No. 10 (minute order). Plaintiff was given seven days to comply with the Court's order. See id.

On April 3, 2025, the Court's order that had directed Plaintiff to file a change of address with the Court was returned marked, "Return to Sender, Attempted – Not Known, Unable to Forward." ECF No. 11. On the same notice, the word "Paroled" as well as a forwarding address were handwritten on it. See id. A cursory search of that address indicates that Plaintiff is no longer incarcerated. See id.

On April 7, 2025, based on the information that had been provided on the returned court order, the Clerk of Court updated the case caption of the docket with Plaintiff's forwarding address and re-served the Court's March 2025 order on Plaintiff at that address. See 4/7/25 docket entry (NEF indicating same).

II. DISCUSSION

Since the Court's order that directed Plaintiff to file a notice of current address was re-served on Plaintiff on April 7, 2025, it has not been returned to the Court. Despite this fact, more than thirty days have passed,[1] and Plaintiff has not responded to the Court's order, nor has she filed a request for an extension of time to do so.

These facts on their face would warrant a recommendation that this matter be dismissed. However, out of an abundance of caution and prior to recommending that this matter be

---

[1] In 2025, the period that a litigant appearing in propria person has to file a notice of change of address was reduced from sixty-three days to thirty days. See Local Rule 183(b).

1  dismissed, Plaintiff will be ordered to show cause why it should not be.  As alternatives to filing
2  the showing of cause, Plaintiff may either:  (1) file an updated notice of current address with the
3  Court and indicate that she wishes to continue to prosecute this case, or (2) voluntarily dismiss
4  this matter, consistent with Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Plaintiff will be given
5  fourteen days to take one of these three courses of action.

      Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff is ordered to SHOW CAUSE why this matter should not be DISMISSED for failure to obey a court order and failure to keep Court apprised of her current address;

2.  As an ALTERNATIVE to filing the showing of cause, Plaintiff may either:

   a.  FILE a notice of current address with the Court and indicate in it that she wishes to continue to prosecute this case, or

   b.  VOLUNTARILY DISMISS this matter, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and

3.  Plaintiff shall have fourteen days to take either course of action.

IT IS SO ORDERED.

Dated:  **June 5, 2025**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE