UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANNE MARIE DANIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BERRY,<br><br>　　　　　Defendant. | No. 1:23-cv-00152 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS AND FOR FAILURE TO PROSECUTE<br><br>(See ECF Nos. 10, 12)<br><br>PLAINTIFF'S OBJECTIONS TO THIS ORDER DUE IN FOURTEEN DAYS |

　　　　Plaintiff, a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

　　　　For the reasons stated below, the undersigned will recommend that this matter be dismissed without prejudice for failure to obey court orders and for failure to prosecute. Plaintiff will be given fourteen days to file objections to this order.

　　　　I.　　RELEVANT FACTS

　　　　　　A.　Filing of Complaint and Granting of In Forma Pauperis Application

1

On January 27, 2023, Plaintiff's complaint and her application to proceed in forma pauperis were docketed in the Sacramento Division. ECF Nos. 1, 2. Shortly thereafter, the matter was transferred to this Division. See ECF No. 5.

Plaintiff's six-month trust account statement was docketed on February 1, 2023. ECF No. 7. On February 6, 2023, the Court granted Plaintiff's in forma pauperis application. ECF No. 8.

### B.  Order Directing Plaintiff to File Notice of Current Address

On March 12, 2025, because some time had passed from the Plaintiff's complaint had been filed, prior to screening it, the Court ordered Plaintiff to file a notice of current address with the Court. ECF No. 10 (minute order). Plaintiff was given seven days to comply with the Court's order. Id.

### C.  Order Returned to Court Noting Parole of Plaintiff

On April 3, 2025, the Court's order that had directed Plaintiff to file a notice of current address was returned to it. ECF No. 11. A review of the envelope returned to the Court indicated that Plaintiff had been paroled. Id. Handwriting on the document also had a forwarding address of "10 Gilmore Rd., Red Bluff, CA 96080." Id. As a result, on April 7, 2025, the Court's minute order was re-sent to Plaintiff at the forwarding address. See 4/7/25 docket entry.

### D.  Order Directing Plaintiff to Show Cause Why Matter Should Not Be Dismissed

Approximately two months passed without Plaintiff filing a notice of current address with the Court. During that period the Court's re-sent minute order was not returned to the Court marked "undeliverable" or "return to sender." As a result, on June 6, 2025, the Court issued a second order directing Plaintiff to show cause why this matter should not be dismissed for failure to obey a court order and for Plaintiff's failure to keep the Court apprised of her current address. ECF No. 12. As alternatives to filing the showing of cause, Plaintiff was given the options of either: (1) filing the notice of current address, or (2) voluntarily dismissing this matter. Id. at 3. Plaintiff was given fourteen days to take one of the three courses of action. Id.

More than fourteen days have passed and Plaintiff has not filed a response to either of the Court's orders. Nor has Plaintiff filed requests for extensions of time to do so.. Plaintiff has not responded to the Court's orders in any way.

II. APPLICABLE LAW

    A. Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or she fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order. L.R. 110.

Local Rule 182(f) permits service to be effective service at a prior address if a party fails to notify the Court and other parties of her address change. Id. Finally, Local Rule 183(b) gives a party who appears in propria persona a period of time to file a notice of change of address if some of her mail is returned to the Court. Id.

    B. Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

III. DISCUSSION

    A. Rule 41(b) and Local Rules 110, 182(f) and 183(b) Support Dismissal of This Case

Although the docket indicates that: (1) Plaintiff's copy of the minute order directing her to file a notice of current address to the Court was returned to it marked "Paroled," and (2) the forwarding address on the returned envelope was likely written by someone other than Plaintiff, Plaintiff was properly served. It is a plaintiff's responsibility to keep a court apprised of his/her current address at all times. Pursuant to Local Rule 182(f), service of documents at the record

3

1  address of the party is fully effective.

2      The Court re-sent the minute order to the forwarding address that was written on the
3  envelope, and to date, the minute order's directive has not been responded to.  Thus, it can be
4  presumed that Plaintiff received the minute order at the new address, as well as the order to show
5  cause, which was also sent to the new address.[1]  See ECF No. 12 (NEF of docket entry for order
6  to show cause).  These facts indicate that Plaintiff has likely abandoned this case, which also
7  warrants its dismissal in accord with Rule 41(b) and Local Rules 110, 182(f), and 183(b).

8      B.  Application of Malone Factors Supports the Dismissal of This Case

9        1.  Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

10      Plaintiff has been given sufficient time to file a notice of change of address as well as to
11  respond to the Court's order to show cause.  Despite this fact, Plaintiff has failed to do either, nor
12  has Plaintiff contacted the Court to provide exceptional reasons for not having done so.

13      The Eastern District Court has an unusually large caseload.[2]  "[T]he goal of fairly
14  dispensing justice . . . is compromised when the Court is forced to devote its limited resources to
15  the processing of frivolous and repetitious requests."  Whitaker v. Superior Court of San
16  Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that
17  keeping this case on the Court's docket when Plaintiff has not attempted to respond to either of
18  the Court's orders is not a good use of the Court's already taxed resources.  Indeed, keeping this
19  matter on the Court's docket would stall a quicker disposition of this case.  Additionally, in
20  fairness to the many other litigants who currently have cases before the Court, no additional time
21  should be spent on this matter.

---

[1] It is well-settled that mail delivered is presumed to have been received.  See Hagner v. United States, 285 U.S. 427, 430–31 (1932) (stating mail put in post office is presumed received and citing Rosenthal v. Walker, 111 U.S. 185, 193 (1884)); see also Nunlev v. City of Los Angeles, 52 F.3d 792, 796 (9th Cir. 1995).

[2] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit.").  This problem is compounded by a shortage of jurists to review its pending matters.  See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

### 2. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, no one has put time and effort into defending against it. As a result, there will be no prejudice to anyone other than Plaintiff if the matter is dismissed.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that Plaintiff has had sufficient time under the Local Rules to file a change of address[3] with the Court, as well as to comply with the Court's order to show cause, there is no less drastic option than dismissal. Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted without participation by Plaintiff, nor can it be disposed of on its merits.

## IV.   CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to obey court orders and for failure to prosecute.[4] See id. Plaintiff will have fourteen days to file objections to this order. However, should this order be returned to the Court marked "undeliverable" before the end of the fourteen-day period, the District Judge that will be assigned to this matter will likely dismiss it immediately.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that:

1. This matter be DISMISSED without prejudice for failure to obey court orders and for failure to prosecute. See Fed. R. Civ. P. 41(b); Local Rules 110, 182(f), and 183(b), and

2. This case be CLOSED.

---

[3] In 2025, the period that a litigant appearing in propria person has to file a notice of change of address was reduced from sixty-three days to thirty days. See Local Rule 183(b).

[4] A failure to timely notify the Court of a change of address permits the Court to dismiss the matter for failure to prosecute. See Local Rule 183(b).

5

      These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

      The Court will not consider exhibits attached to the objections. To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: __**June 27, 2025**__                    __/s/ Gary S. Austin__
                                                                 UNITED STATES MAGISTRATE JUDGE