UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANNE MARIE DANIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BERRY,<br><br>　　　　Defendant. | No.  1:23-cv-00152-KES-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Doc. 14 |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Plaintiff filed this action on January 27, 2023.  Doc. 1.  On March 12, 2025, the assigned magistrate judge issued a minute order ordering plaintiff to file a notice of current address with the Court.  Doc. 10.  On April 3, 2025, that order was returned to the Court marked "Paroled. Return to Sender.  Attempted – Not Known.  Unable to Forward."  Doc. 11.  However, the envelope also listed: "Forward to: 10 Gilmore Rd., Red Bluff, CA 96080."  *Id.*  The "forward to" information appeared to have been provided by California Department of Corrections and Rehabilitation staff.  The Court then re-served the March 12 minute order, Doc. 10, on plaintiff at the Red Bluff address.  The re-served order was not returned to the Court, but plaintiff again failed to respond to the order.

　　　　On June 5, 2025, the magistrate judge ordered plaintiff to show cause why it should not be

1

1  recommended that this action be dismissed for failure to keep the Court apprised of her current
2  address. Doc. 12. As an alternative to show cause, plaintiff was afforded the opportunity to file a
3  notice of current address or to file a notice of voluntary dismissal of this matter. *Id.* at 3. Plaintiff
4  failed to respond to the order in any capacity.

5  On June 30, 2025, the magistrate judge issued findings and recommendations
6  recommending that this action be dismissed for failure to obey court orders. Doc. 14.
7  Specifically, the magistrate judge found that the relevant factors—that is, the public's interest in
8  expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to
9  the defendants; the public policy favoring disposition of cases on their merits; and the availability
10 of less drastic sanctions—weigh in favor of dismissing the case without prejudice as a sanction
11 for plaintiff's failure to obey court orders and failure to comply with the local rules. *Id.* at 3–6
12 (applying *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (failure to comply with
13 a court order)); *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (failure to
14 prosecute); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (failure to prosecute based on
15 noncompliance with local rule). The findings and recommendations were served on plaintiff and
16 contained notice that any objections thereto were to be filed within fourteen days after service.
17 Doc. 14 at 6. To date plaintiff has not filed objections to the findings and recommendations, and
18 the time to do so has passed.

19 In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de
20 novo review of this case. Having carefully reviewed the file, the Court finds that the conclusion
21 that the relevant factors support dismissal of this case without prejudice for failure to obey court
22 orders and failure to comply with Local Rule 183(b) is supported by the record.

23 As the findings and recommendations correctly note, the first two factors weigh in favor
24 of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's
25 interest in expeditious resolution of litigation always favors dismissal."). The public's interest in
26 expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of
27 dismissal because the Court cannot effectively manage its docket, nor can the litigation be
28 expeditiously resolved, as plaintiff has failed to keep the Court apprised of her current address.

1  *See Carey*, 856 F.2d at 1441 ("A party, not the district court, bears the burden of keeping the
2  court apprised of any changes in his mailing address.").

3        As to the third factor, the risk of prejudice to the defendant also weighs in favor of
4  dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the
5  defendant.  *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also Carey*,
6  856 F.2d at 1440, 1441 (rejecting argument that an approximately two-month delay was not
7  unreasonable where plaintiff failed to keep court apprised of current address).  While the fourth
8  consideration, that public policy favors disposition of cases on their merits, generally weighs
9  against dismissal, here it lends little support "to a party whose responsibility it is to move a case
10 toward disposition on the merits but whose conduct impedes progress in that direction." *In re*
11 *Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations
12 omitted).

13       Finally, there is little else available to the Court that would constitute a satisfactory lesser
14 sanction given the Court's apparent inability to communicate with plaintiff.  *See, e.g., Gaston v.*
15 *Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent
16 inability to communicate with Plaintiff, there are no other reasonable alternatives available to
17 address Plaintiff's failure to prosecute this action.").  Without plaintiff having updated her current
18 address, this matter cannot be prosecuted, nor can it be disposed of on its merits.

19       Accordingly:
20     1.    The findings and recommendations issued June 30, 2025, Doc. 14, are adopted;
21     2.    This matter is dismissed without prejudice for failure to obey court orders and
22         failure to comply with Local Rule 183(b); and
23     3.    The Clerk of the Court is directed to close this case.

26 IT IS SO ORDERED.
27     Dated:   September 15, 2025
                                     UNITED STATES DISTRICT JUDGE

3